Juan Nungaray
13382 North Los Olivos Road,
Sylmar, CA 91342

In *Sui Juris*

DEFENDANT



**FILED**

FEB 1 2 2016

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DISTRICT

|  |  |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, ) AS TRUSTEE FOR THE HOLDERS OF ) MASTR ADJUSTABLE RATE ) MORTGAGES TRUST 2007-3 ) Plaintiff, ) ) ) ) vs. ) ) JUAN   NUNGARAY;   RICARDO ) GUZMAN; MARIA GUZMAN; DAVID ) AGUIRRE; and Does 1 to 10, Inclusive, ) ) Defendants. | Case No.: **15P05109** NOTICE OF REMOVAL FROM PASADENA COURTHOUSE COUNTY LOS ANGELES SUPERIOR COURTHOUSE TO BANKRUPTCY COURT RULE 9027; 28 U.S.C.A. §1452; VIOLATION OF DUE PROCESS; VIOLATION TITLE 42 USC §1983; VIOLATION OF TITLE 18 USC §241, §242 (TRIAL BY JURY DEMANDED) |

## <u>DEFENDANTS' NOTICE OF REMOVAL TO BANKRUPTCY COURT</u>

PLESE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

United States Bankruptcy Court for the Central District of California.

Defendant, Juan Nungaray, herein gives Notice that, pursuant to 28 U.S.C. §§1443, 1446, &

1447(b), he removed this case to the United States District Court for the Southern District of

*Notice of Removal of Unlawful Detainer Action, 28 U.S.C. §1332, 1441, 1443, & 1446*          –1–

California, on grounds that the Defendant's federally secured rights guaranteed by 42 U.S.C. §§§1981, 1982 and 1983 the First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the constitution are being directly and systematically impaired and infringed by unconstitutional statutory laws and customs, practices, and policies having the force and effect of law in the State of California.

The Alleged Plaintiff has filed a false claim before the state court using the statutory laws that govern non-judicial foreclosures. (see Plaintiff's Complaint Exhibit 1)

Plaintiff states in its complaint page 2 paragraph 4 that the Property was sold to U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3 and sold to Plaintiff via a Trustee's Deed Upon Sale on or about February 19, 2015 to side step diversity. (see Trustee's Deed Exhibit 2)

Plaintiff's Trustee's Deed is a false, fabricated and forged document that was allegedly created BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, allegedly signed by Jesus Angulo, Operations Manager and allegedly notarized by Jennifer A. Nguyen Hurst a Texas State Notary.

The Trustee's Deed Upon Sale that is a part of the Complaint filed with the State court and must be taken as part of the Complaint clearly states the amount that was paid for the property in question, $582,544.23

The Trustee's Deed Upon Sale is an intertwining part of Plaintiff's complaint.

Therefore the amount in controversy exceeds the minimum requirement of this court.

The Complaint filed with the court is a false claim to mislead the court. The complaint is filled with lies and deceptions as to who owns the property and the amount in controversy.

Plaintiff has file fabricated, fraudulent and forged documents in their blatant disregard of the law and this court in violation of CPC §115, §115.5, §118, §470 and §132.

Defendant had to respond to prevent a default from being entered against him. See Defendant's Verified Answer Exhibit 3)

## SUBJECT MATTER JURISDICTION – DIVERSITY

This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367, 18 U.S.C. § 1964(c), and 15 U.S.C. § 1640(e), 18 U.S.C. §1341, 18 U.S.C. §514

The Court has diversity subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) and this case is properly removed to this Court because, as more fully set forth below:

(a) the citizenship of Defendant is different from that of **U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3** ; and (iii) the aggregate amount placed in controversy by the claims of plaintiffs exceeds the sum or value of $75,000.

(b) Pursuant to 28 U.S.C. § 1332(a), (1) Defendant is citizen of a state different from that of **U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3**; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

In actions that seek transfer of title to property or that seek injunctive relief with respect to a foreclosure sale, the amount in controversy is the value of the property at issue. See Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973) (in suit seeking injunctive relief enjoining sale of property, amount in controversy was satisfied where the market value of the property and the outstanding indebtedness each exceeded the jurisdictional amount). Here, the value of Defendant's property is $582,544.23 in the Trustee's Deed Upon Sale and not $10, 000 dollars as Plaintiff has claimed in its complaint.

This is not a Landlord Tenant matter.

The California Judges Bench Guide clearly states that Defendant is a homeowner and the issue before the court is between a homeowner and Lender and title is at issue and the summary nature of the unlawful detainer proceedings is not suitable to be tried in the lower court.

*Title is at issue.* The litigation is between a plaintiff-lender and a defendant-homeowner, rather than between landlord and tenant, and title is at issue. *Mehr v Superior Court* (1983) 139 CA3d 1044, 1049, 189 CR 138 (because of summary nature of unlawful detainer proceedings, it is unsuitable forum to try complicated ownership issues); *Asuncion v Superior Court* (1980) 108 CA3d 141, 145–146, 166 CR 306 (eviction of homeowners following foreclosure raises due process issues and must be heard in superior court).

The state courts completely ignore Defendants are homeowners and not tenants.

### Diversity of Citizenship

In determining whether diversity exists, the Court considers the citizenship of all properly joined parties.  28 U.S.C. § 1441(b).

This requirement is met here, as the named plaintiff U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3 and Defendant are citizens of different states for purposes of diversity jurisdiction.

Upon the filing of plaintiffs' Complaint in the State Court, there was diversity under 28 U.S.C. § 1332(a)(1).  The Complaint identifies Defendant "as a citizen and residents of Los Angeles County, California" for purposes of diversity of citizenship under 28 U.S.C. § 1332, Defendant is a citizen of the State of California.

**U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3** is a national association.  National associations are deemed "citizens of the States in which they are

respectively located," 28 U.S.C. § 1348. The United States Supreme Court has held that this

language means that a national banking association is a citizen of the State in which its main

office, as set forth in its articles of association, is located. Wachovia Bank, N.A. v. Schmidt,

546 U.S. 303, 318 (2006).

**U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF**

**MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3**'s main office is located in,

Cincinnati, OH.

 For purposes of diversity of citizenship under 28 U.S.C. § 1332(a), **U.S. BANK NATIONAL**

**ASSOCIATION** is a citizen of a state other than the State of California.

    **U.S. BANK NATIONAL ASSOCIATION** is a commercial bank, national (federal)

charter and Fed member, supervised by the Office of the Comptroller of the Currency (OCC).

    Upon information and belief, plaintiffs are citizens of the State of other that the State of

California for purposes of diversity jurisdiction. Defendant is a citizen of the State of California

for purposes of diversity jurisdiction. Accordingly, diversity is established under both 28

U.S.C. § 1332(a)(1).

    COURT RULES OF EVIDENCE, Requirement of Original; To prove the content of a

record, the original record is required.

**BURDEN OF PROOF**

    Yeazell v. Copins, 402 P. 2d . 541, 98 Ariz. 109,(1965). Party who asserts fact has

burden to establish fact.

    The burden of proof rests heavily upon the party making such charge. Ransburg Electro-

Coating Corp. v. Nordson Corp., N.D.Ill.1968, 293 F.Supp. 448, 158 U.S.P.Q. 385.

Allegations of hardship unsupported by particulars by way of proof or affidavit cannot be accorded much weight in balancing conveniences. Essex Crane Rental Corp. v. Vic Kirsch Const. Co., Inc., S.D.N.Y.1980, 486 F.Supp. 529.

In its capacity as accuser, the Board is held to same burdens and obligations of proof as any other litigant who takes the affirmative, and the Board may not, by accusing, put accused upon proof but, as accuser, must prove its charge. N.L.R.B. v. Riverside Mfg. Co., C.C.A. 5 1941, 119 F.2d 302.

The Board had the burden of proof to establish before itself, in its capacity of trier, the accusations it had laid in its accusatorial capacity, by credible evidence from which men of unbiased minds could reasonably decide in its favor and could not leave right of matter to rest in mere conjecture. Magnolia Petroleum Co. v. N.L.R.B., C.C.A. 5 1940, 112 F.2d 545.

In re Hamlet (After Remand), 225 Mich.App 505, 521; 571 NW2d 750 (1997). "Mere statement of pleader's conclusions, unsupported by allegations of fact upon which they may be based, will not suffice to state cause of action."

The Court Records will prove that **U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3's Trust Deed is false and forged.**

The Complaint was Filed by Michael D. Zeff's Law firm and allegedly verified by a John Hudson who has never appeared before the court to testify to the validity of the complaint.

The private corporation Superior courts allow special appearance attorney who have no personal knowledge of the matter before the court to testify without swearing in under oath.

The complaint remains unverified by anyone with personal knowledge of the matter and it that does not meet the requirement of Real Party In Interest or Standing. Federal Rule 17(a) and Evidence Rule 901, 1002 and 1003. That has been objected to.

**U.S. BANK NATIONAL ASSOCIATION** was formed pursuant to the provisions of the NATIONAL CURRENCY ACT later called "NATIONAL BANK ACT" and codified into **Title 12 section 38**. **U.S. BANK NATIONAL ASSOCIATION** activities are in direct violation of its own charter and section 8 of the **NATIONAL CURRENCY or BANK ACT of June 3, 1864 Chapter CVI, 13 Statutes 99**, as amended and particularly **section 27** of said act which states in part:

"And be it further enacted, That it shall be unlawful for any officer acting under the provisions of this act to countersign or deliver to any association, or to any other company or person, any circulating notes contemplated by this act, except as hereinbefore provided, and in accordance with the true intent and meaning of this act. And any officer who shall violate the provisions of this section shall be deemed guilty of a high misdemeanor, and on conviction thereof shall be punished by fine not to exceeding double the amount so countersigned and delivered, and imprisonment not less than one year and not exceeding fifteen years, at the discretion of the court in which he shall be tried."

**SEC. 28 And be it further enacted, That it shall be unlawful for any such association to purchase, hold, and convey real estate as follows:**

Fourth. Such as it shall purchase at sales under judgments, decrees, or mortgages held by such association, or shall purchase to secure debts due to said association. "Such associations shall not purchase or hold real estate in any other case or for any other purpose than as specified in this section. Nor shall it hold possession of any real estate under mortgage, or hold title and possession of any real estate purchased to secure any debts due it for a longer period than five years."

**SEC. 35** "And be it further enacted, That no association shall make any loan of discount on the security of the shares of its own capital stock, nor be the purchaser or holder of any such shares, unless such shares shall be necessary to prevent loss upon a debt previously contracted in good faith; and stock so purchased or acquired shall, within six months from the time of its purchase, be sold or disposed of at public or private sale, in default of which a receiver may be appointed to close up the business of the association, according to the provisions of this act."

**SEC. 37** And be further enacted, That no association shall, either directly or indirectly, pledge or hypothecate any of its notes of circulation, for the purpose of procuring money to be paid in or on its capital stock, or to be used in its banking operations, or otherwise; nor shall any association use its circulating notes, or any part thereof, in any manner or form, to create or increase its capital stock."

**Sec. 39** And be it further enacted, That no association shall at any time pay out on loans or discounts, or in purchasing drafts or bills of exchange, or in payment of deposits, or in any other mode pay out or put in circulation the notes of any bank or banking association which shall not, at any such time, be receivable, at par, on deposit and in payment of debts by the association so paying out or circulating such notes; nor shall it knowingly pay out or put in circulation any notes issued by any bank or banking association which at the time of such paying out or putting in circulation is not redeeming its circulating notes in lawful money of the United States."

Plaintiff's complaint and statements are hearsay and fail to state a colorable claim and **U.S. BANK NATIONAL ASSOCIATION** have failed to give color to their pleadings.

## CONSTITUTIONAL VIOLATION OF DUE PROCESS OF RIGHTS

The Los Angeles Superior Court is a privately owned Corporation that has hired foreign Agents that violate the peoples right and due process under color of law.

"Law of the land," "due process of law," and "due course of law" are synonymous. People v. Skinner, Cal., 110 P.2d 41, 45; State v. Rossi, 71, R.I. 284, 2d 323, 326; Direct Plumbing Supply Company v. City of Dayton, 138 Ohio St. 540, 38 N.E. 2d 70, 72, 137 A.L.R. 1058; Stoner v. Higginson, 316 Pa. 481, 175 A. 527, 531. 89. The term "due process of law," as sued in the federal constitution, has been repeatedly declared to be the exact equivalent of the phrase "law of the land" as sued in the Magna Charta. 16 Am. Jur. 2d 547; 90. Due course of law: This phrase is synonymous with "Due Process of Law" or "Law of the Land" and means law in its

regular course of administration through courts of justice. Kansas Pac. RY. CO. V Dunmeyer 19 KAN 542.

These Superior Courts have removed all court reporters from the Unlawful Detainer room. This private Corporation and their administers are fully aware that whatever is raised or objected to cannot be heard or ruled on in the Appellate courts, because it is hearsay.

The people are being systematically denied their Due Process Rights

**DUE PROCESS UNDER THE UNITED STATES AND CALIFORNIA CONSTITUTIONS GIVES DEFENDANTS THE FUNDAMENTAL RIGHT TO REASONABLE DISCOVERY OF EVIDENCE IN THE PROSECUTION OF THEIR DEFENSE.**

**Defendant Has a Due Process Right to a Fair Hearing, Which Includes the Right to Produce Evidence and Cross-Examine Witnesses.**

Under the 14th Amendment to the United States Constitution and Article I, Sections 7 & 15 of the California Constitution, no person may be deprived of life, liberty, or property without "due process of law". The words "due process of law" refers to a principal that "fundamental fairness" must be applied to every party in a civil or criminal proceeding. Lassiter v. Department of Social Services (1981) 452 U.S. 18, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640, 648; see also, Witkin, Summary of California Law, Ninth Edition, Constitutional Law, §481.

The power vested in a judge is to hear and determine, not to determine without a hearing.

*When the Constitution requires a hearing, it requires a fair one, one before a tribunal which meets established standards of procedure. It is not for nothing that most of the provisions of the Bill of Rights have to do with matters of procedure.* Procedure is the fair, orderly, and deliberate method by which matters are litigated. To judge in a contested proceeding implies the hearing of evidence from both sides in open court, a comparison of the merits of the evidence of each side, a conclusion from the evidence of where the truth lies, application of the **appropriate laws to the facts found**, and the rendition of a judgment accordingly. (Emphasis Added).

Any ruling that involves violation of <u>due process</u> of law under the Fifth, Sixth, or Seventh Amendments is also a void judgment. Void judgment can be attacked or vacated at any time and there is no statute of limitation. See *Long v. Shorebank Development Corp.*, 182 F.3d 548 (C.A. 7 Ill. 1999). A void judgment is one which, from its inception, was a complete nullity and without legal effect, *Lubben v. Selective Service System Local Bd. No. 27*, 453 F.2d 645, 14 A.L.R.Fed. 298 (C.A. 1 Mass. 1972).

It is axiomatic that the denial of the right to produce evidence and cross-examine witnesses vitiates any possibility of a fair hearing or trial. Both the United States Supreme Court and the California Supreme Court have ruled that where the error is in the basic *framework* of the judicial process in the preparation for trial, it is a *structural defect that cannot be cured* because it is not possible for the trial court to correct such errors in the course of the trial. *Consequently, such an error is reversible per se, and not subject to the application of the harmless error standard.* Arizona v. Fulminate 499 U.S. 279, 309-310, 111 S.Ct. 1246, 1264-1265, 113 L.Ed.2d 302; see Fewel v. Fewel (1943) 23 Cal. 2d 431, 433; Judith P. The Superior Court (2002) 102 Cal. App. 4th 535, 554-558; see also Eisenberg et al, California Practice Guide, Civil Appeals and Writs (The Rutter Group) Ch. 8, §8:308, p. 8-138.

**The people are treated unfairly in the Unlawful Detainer courtroom.**

**The California Legislature Has Mandated a Right to Conduct Reasonable Discovery in the California Code of Civil Procedure.**

The California Legislature appears to have expressly incorporated the constitutional due process right to reasonable discovery into a statutory mandate as set forth in California Code of Civil Procedure §2017 and §2024. CCP §2017(a) states:

Unless otherwise limited by order of the court in accordance with this article, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action... And CCP §2024(a) mandates that:

Except as otherwise provided in this section, any party shall be entitled as a matter of right to complete discovery proceedings ... before the date initially set for the trial of the action. Applying the "plain language" manner of interpretation to these statutes, it is clear that the California Legislature intended that each party to a civil action has the right to discover any relevant evidence so as to enable that party to offer evidence at trial in support of their position. To allow a trial court to simply bypass these statutory rules for discovery of evidence by ordering the case to immediate trial would be a clear contravention of the California Legislature's intent.

### California Constitution

The California Constitution states in Article 1 Sec. 9

SEC. 9. A bill of attainder, ex post facto law, or law **impairing** the **obligation** of **contracts** **may** **not** **be** **passed**.

Defendant entered into a private contract with a private citizen; see Garfinkle v. Superior Court , 21 Cal.3d 268 [S.F. No. 23658. Supreme Court of California. May 16, 1978.]

"The Fourteenth Amendment prohibits the State from depriving any person of life, liberty, or property, without due process of law; but it adds nothing to the rights of one citizen as against another." (United States v. Cruikshank (1875) 92 U.S. 542, 554[23 L.Ed. 588, 592].) The Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." (Shelley v. Kraemer (1948) 334 U.S. 1, 13 [92 L.Ed. 1161, 1180, 68 S.Ct. 836, 842].

Pursuant to 28 U.S.C. 1332(a), there is a sufficient amount in controversy as it is far "more likely that not" that the amount in controversy exceeds $75,000. (See Sanchez v. Monumental Life Ins. Co. (9th Cir. 1996) 102 F.3d 398, 404.

A "Comment: Federal Jurisdiction: Amount in Controversy in suits for Non-Monetary Remedies" (such as *possession* emphasized in italics by the Plaintiff from their Motion/Memorandum in support of Motion to Remand above), from the **California Law Review** of 1958 appears to address all of Plaintiff's concerns in Defendant's favor:

> The test of jurisdictional amount has been called the "pecuniary result to either party." **Ronzio v. Denver & R.G.W.R.R.**, 116 F.2d 604, 606 (10th Cir. 1940), relying on **Smith v. Adams**, 130 U.S. 167, 175 (1889), and **Elliott v. Empire Natural Gas Co.,** 4 F.2d 493, 497, (8th Cir. 1925). Presumably, "result" therefore refers to the damage either party would sustain in the event of an adverse decree. Limitations on the extent to which future damage may enter into calculation of the jurisdictional amount have therefore been suggested. One limitation distinguishes immediate or direct results (which may be valued) from collateral results (which may not). **Healy v. Ratta,** 292 U.S. 263, 268 (1934); **Elliott v. Empire Natural Gas Co.,** 4 F.2d 493, 500 (8th Cir. 1925). But what constitutes a "collateral" as opposed to a "direct" result is uncertain. A similar difficulty arises from a distinction between "primary" and "secondary" rights as testing jurisdictional amount. (further citations omitted).

*California Law Review*, Vol. 46, No. 4, (Oct. 1958), pp. 601-609.

In a case for unlawful detainer/forcible eviction such as the present case, the "pecuniary result to either party" should be measured not by the amount of money which Plaintiff seeks to extract from Defendant, but the value of the property of which Plaintiff seeks to deprive the Defendant of "*possession*." Plaintiff's house at 13382 North Los Olivos Road, Sylmar, CA 91342 has a current market value, even in this depression, several times $75,000.00 in value.

## SUMMARY

**U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3** allegedly purchased Defendant property at a Trustee's Sale being the highest bidder at $582,544.23, in lawful money

of the United States. This is a blatant lie and the state courts will not let the people challenge this.

This is also a blatant contradiction of the Unlawful Detainer caption that states that the amount demanded does not exceed $10,000.00. The Trustee's Deed that is a major part of the complaint states the amount far exceeds the limited jurisdictional claims of plaintiff.

Defendant moves the court to take judicial notice of the Trustee's Deed Upon Sale.

Plaintiff brought the Unlawful Detainer in bad faith utilizing the statutory laws that govern a non judicial foreclosure to steal Defendant's home.

## THE FRAUDULENT SCHEME

Plaintiff and Plaintiff's Attorneys have used the statutory laws that govern a non-judicial foreclosure to commit a crime against Defendant.

Defendant, also alleges that he is being denied and cannot enforce his rights of equal protection of the discriminatory laws of the State of California, which facially and as applied by the California Superior Courts of Limited Jurisdiction has now file this notice of removal pursuant to 28 U.S.C. §§1331, 1441, 1443 and 1446,

Defendant alleges that Plaintiff's attorney and other entities that will be disclosed at trial constructively conspired to defraud Defendant of his right to possession of the property.

Defendants each of them, have committed these acts stated in this case; engaging in patterns of unlawful activity without disclosing this to Defendant.

The requirements of 28 U.S.C. §1331, 1441, and 1446 for removal have all been met and this Court should take note and sustain this Notice of Removal on grounds of the Protect the Tenant at Foreclosure Act and the Homeowner Bill of Rights.

28 U.S.C. §1443(1) is designed to permit removal by disadvantaged defendants from those in power who would oppress them for membership in or adherence to beliefs making them part of a "discrete insular, politically powerless minority". Defendant perspective of the state judicial and general legal environment created by a state legislatures is, uniquely empowered and by this statute protected as an avenue by which to assert and actually "defend" Constitutional

rights which are systematically trampled in state courts, such as but not limited to the California Superior Courts of Limited Jurisdiction in the trial of unlawful detainer cases following an alleged non-judicial foreclosures.

Accordingly 28 U.S.C. §1443 constitutes an expressly authorized, in fact, specially mandated, exemption to the "well-pleaded complaint rule" and U.S. District Judges making such analyses and comparisons have plainly erred in confusing the two forms of removal in their prior opinions, even in relationship to the present Defendants' removal, which Defendants pray that this U.S. District Court will not repeat in the disposition of the present case. Compare, for example, *McCullough v. Ligon*, 430 F. Supp. 2d 846, 850 (E.D. Ark. 2006); *Neal v. Wilson*, **112 F.3d 351, 355 (8th Cir. 1997).**

**Unlike the Defendant in *Neal v. Wilson*,** Defendant Juan Nungaray can and will at trial "show[] that Plaintiff used the Non Judicial state law preventing him from raising his federal claims in state court, [and] further [he] has [] shown the basis for an "equally firm prediction" that [he] will be unable to protect his federal rights in state court." 112 F.3d at 855.

WHEREFORE AND ACCORDINGLY, Defendant Juan Nungaray hereby files this Notice of Removal pursuant to 28 U.S.C. §§1331, 1441, 1443 and 1446, Congress in the Civil Rights Act of 1964 expressly authorized such renewed notices of removal authorized by Congress under 28 U.S.C.§1446(d).

This Notice of Removal is timely in that the events of discovery, the "order or other paper from which it may first be ascertained that the case is one which is or has become removable" (28 U.S.C. §1446(b)).

The California Superior Courts completely ignore the civil rules of Procedure, Civil rules of Evidence and the Real Party In Interest rule.

## CIVIL RIGHTS REMOVALS & CIVIL RIGHTS INJUNCTIONS

Civil Rights Removal under 28 U.S.C. §§1443 & 1447(d) and Civil Rights Injunctions under 42 U.S.C. §§1983 & 1988 may be closely related as exceptions to the "Anti-Injunction Act" 28 U.S.C. §2283 as follows:

Defendant Juan Nungaray particularly urges this Court to consider a comprehensive re-evaluation of the Civil Rights Injunction doctrine in ***Dombrowski v. Pfister***, ***Younger v. Harris***, and ***Mitchum v. Foster***, alongside the Civil Rights Removal doctrine articulated in ***Greenwood v. Peacock*** and ***Rachel v. Georgia***, because, in essence, statutory removals are treated as stays (injunctions) of state court proceedings under the anti-injunction act, 28 U.S.C. §2283, and a comprehensive and color-blind State-to-Federal Civil Rights jurisprudence has yet to be developed, but such a constitutional jurisprudence is clearly necessary in light of the recent history of the United States.

Juan Nungaray submits that the United States Supreme Court has decided three major cases on Civil Rights Injunctions and two major cases on civil rights removal, and that two out of the three cases decided on Civil Rights Injunctions upheld the injunctions and one out of the two removal cases upheld the removal. In the one case out of three in which the U.S. Supreme Court reversed the lower Federal Court Injunction against state Court proceedings, namely ***Younger v. Harris***, the Supreme Court emphasized the case-by-case, painstakingly factual analysis of the judicial and political context in which a Federal Court must engage in order to determine whether to stop state court proceedings or not:

> This is where the law stood when the Court decided *Dombrowski v. Pfister, 380 U.S. 479 (1965)*, and held that an injunction against the enforcement of certain state criminal statutes could properly issue under the circumstances presented in that case. [4] In *Dombrowski*, unlike many of the earlier cases denying injunctions, the complaint made substantial allegations that:
>> "the threats to enforce the statutes against appellants are not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana." *380 U.S., at 482*.
>
> The appellants in *Dombrowski* had offered to prove that their offices had been raided and all their files and records seized pursuant to search and arrest warrants that were later summarily vacated by a state judge for lack of probable cause. They also offered to prove that despite the state court order quashing the warrants and suppressing the

evidence seized, the prosecutor was continuing to threaten to initiate new prosecutions of appellants under the same statutes, was holding public hearings at which photostatic copies of the illegally seized documents were being used, and was threatening to use other copies of the illegally seized documents to obtain grand jury indictments against the appellants on charges of violating the same statutes. These circumstances, as viewed by the Court sufficiently establish the kind of irreparable injury, above and beyond that associated with the defense of a single prosecution brought in good faith, that had always been considered sufficient to justify federal intervention. See, *e.g., Beal, supra, at 50*. Indeed, after quoting the Court's statement in *Douglas* concerning the very restricted circumstances under which an injunction could be justified, the Court in *Dombrowski* went on to say:

> "But the allegations in this complaint depict a situation in which defense of the State's criminal prosecution will not assure adequate vindication of constitutional rights. They suggest that a substantial loss of or impairment of freedoms of expression will occur if appellants must await the state court's disposition and ultimate review in this Court of any adverse determination. These allegations, if true, clearly show irreparable injury." *380 U.S., at 485-486*.

And the Court made clear that even under these circumstances the District Court issuing the injunction would have continuing power to lift it at any time and remit the plaintiffs to the state courts if circumstances warranted. *380 U.S., at 491, 492*. Similarly, in *Cameron v. Johnson, 390 U.S. 611 (1968)*, a divided Court denied an injunction after finding that the record did not establish the necessary bad faith and harassment; the dissenting Justices themselves stressed the very limited role to be allowed for federal injunctions against state criminal prosecutions and differed with the Court only on the question whether the particular facts of that case were sufficient to show that the prosecution was brought in bad faith.

*Younger v. Harris*, 401 U.S. 37 at 47-49, 91 S.Ct. 746 at 752-53, 27 L.Ed.2d 669 at 677-678 (1971)

Defendant has many people who are able and willing to testify that the situation in California Superior Courts relating to eviction cases following non-judicial foreclosures is worse than the situation described by the Supreme Court in *Dombrowski v. Pfister* in that, in Louisiana in the 1960s, there were apparently at least some Louisiana State Court judges who would void illegal search warrants and other attacks on the civil rights activists liberty and property interests, in that

many such orders were "later summarily vacated by a state judge for lack of probable cause."

For all the above-and-foregoing reasons, removal of this action from Superior Court in and for Los Angeles County, California, to the United States Bankruptcy Court for the Central District of California, (Los Angeles County) Division, is proper pursuant to all relevant statutes and law.

Respectfully submitted,

Friday, February 12, 2016

By: _____

Juan Nungaray,
*In propia persona*

## CERTIFICATE OF FILING AND SERVICE

**I the undersigned Defendant do hereby certify that I filed an original signed copy of the above-and-foregoing Notice of Civil Rights Removal with the Los Angeles County Superior Court Clerk for the State of California and simultaneously served a true and correct copy of the same on each of the following known parties to the above entitled and numbered cause as follows:**

Clerk of Court
**Superior Court of California, Los Angeles County**
**PASADENA COURTHOUSE**
**300 E. WALNUT**
**PASADENA, CA 91101**

And

**MICHAEL D. ZEFF**
**ROSENTHA, WITHEM & ZEFF**
**16027 VENTURA BLVD., STE. 320**
**ENCINO, CA 91436**
**(818) 789-7711**

Respectfully Signed and Submitted,

Friday, February 12, 2016

By:_____

Juan Nungaray,
*in propia persona*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT 1

## UNLAWFUL DETAINER

28

**SUM-130**

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCION ILICITA DE UN INMUEBLE – DESALOJO)

*FOR COURT USE ONLY*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**JUL 15 2015**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JUAN NUNGARAY; RICARDO GUZMAN; MARIA GUZMAN; DAVID
AGUIRRE; AND DOES 1 TO 10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>300 EAST WALNUT<br>PASADENA, CA 91101<br>PASADENA COURTHOUSE – NORTHEAST DISTRICT | CASE NUMBER<br>*(Número del caso)*<br>15P05109 |

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

MICHAEL D. ZEFF, ESQ., SBN 74665          (818) 789-7711
ROSENTHAL, WITHEM & ZEFF                  (818) 986-3875 FAX
16027 VENTURA BLVD., SUITE 300
ENCINO, CA 91436

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) ☒ did not ☐ did
for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: JUL 15 2015          Clerk, by _____, Deputy
*(Fecha)*          SHERRI R. CARTER *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**(SEAL)**

4. NOTICE TO THE PERSON SERVED: You are served
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☒ as an occupant.
   d. ☒ on behalf of *(specify):* All unnamed Occupants
      under:
      ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
      ☒ CCP 415.46 (occupant)             ☐ other *(specify):*

5. ☐ by personal delivery on *(date):* 8/20/15

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure §§ 412.20, 415.456, 1167

315.00
Solutions®
Plus

1    Michael D. Zeff, State Bar #78685
     ROSENTHAL, WITHEM & ZEFF
2    16027 Ventura Blvd., Suite 320
     Encino, California 91436
3    (818) 789-7711

4    Attorney for Plaintiff
     U.S. BANK, NATIONAL ASSOCIATION,
5    AS TRUSTEE FOR THE HOLDERS OF
     MASTR ADJUSTABLE RATE
6    MORTGAGES TRUST 2007-3

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 15 2015

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy

7

8                  SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10                                 15P05109

| | |
|---|---|
| 11   U.S. BANK, NATIONAL ASSOCIATION, AS <br>      TRUSTEE FOR THE HOLDERS OF MASTR <br> 12   ADJUSTABLE RATE MORTGAGES TRUST <br>      2007-3, <br> 13 <br>                 Plaintiff, <br> 14 <br> 15           vs. <br> 16 <br> 17   JUAN NUNGARAY; RICARDO GUZMAN; <br>      MARIA GUZMAN; DAVID AGUIRRE; and <br>      Does 1 to 10, Inclusive, <br> 18 <br> 19               Defendants. <br> 20 | Case No.: <br><br> COMPLAINT FOR UNLAWFUL DETAINER <br> ACTION BASED ON CCP § 1161a <br><br> **LIMITED CIVIL CASE** <br><br> **AMOUNT DEMANDED DOES NOT EXCEED** <br> $10,000.00 |

21   PLAINTIFF, U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF

22   MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3 alleges as follows:

23                                 I.

24          FIRST CAUSE OF ACTION FOR UNLAWFUL DETAINER

25                 (Against All Defendants)

26   1. That at all times mentioned herein, Plaintiff U.S. BANK, NATIONAL ASSOCIATION, AS

27       TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES

28       TRUST 2007-3 (hereinafter "Plaintiff") was and is a Corporation and a National Banking

                                        1

Association, authorized to conduct business within the County of Los Angeles, State of California.

2. Plaintiff is informed and believes and upon such information and belief alleges that Defendants JUAN NUNGARAY, RICARDO GUZMAN, MARIA GUZMAN and DAVID AGUIRRE (hereinafter "Defendants") at all times herein mentioned were, and currently are, individuals residing in the County of Los Angeles, State of California.

3. The true names and capacities of Defendants sued herein as Does 1 to 10, Inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, and will amend this Complaint to allege their true names and capacities when the same is ascertained. Plaintiff is informed and believes and thereon alleges that each such "Doe" Defendant is in possession of the real property described in Paragraph 4 below without the permission or consent of Plaintiff, and that each such Doe Defendant claims a right under the named Defendants to possession of the real property against Plaintiff.

4. On or about February 19, 2015, Plaintiff acquired title to the subject real property located within the jurisdictional boundaries of the above-entitled Court in the County of Los Angeles, State of California, more particularly described as 13382 North Los Olivos Road, Sylmar, California 91342 (hereinafter "the Property") at a Trustee's Sale following foreclosure proceedings against Defendants Juan Nungaray, Ricardo Guzman and Maria Guzman, the prior Owners/Trustors, and thereafter on June 2, 2015 perfected its title as reflected in a duly recorded Trustee's Deed Upon Sale in its favor, a true and correct copy of which is attached hereto as Exhibit "1" and incorporated herein by reference.

5. Plaintiff is informed and believes and thereon alleges that Defendants are in possession as or under the former owners and not as tenants.

6. On June 11, 2015, in the manner provided by law, Plaintiff caused to be served on the Defendants, and each of them, a Three-Day Notice to Quit and Notice to Any Renters at the Property stating that Plaintiff had purchased the Property and that its title had been duly perfected and demanding that Defendants and all those occupying the Property,

2

quit and deliver up possession of the Property to Plaintiff within three days after service of said Notice.  True and correct copies of said Notices and Declaration of service thereof are attached hereto collectively as Exhibit "2" and incorporated herein by reference.

7.  The notice period expired on June 16, 2015, and since that date Plaintiff has been and is entitled to immediate possession of the Property.

8.  Defendants, and each of them, failed and refused to deliver up possession within the notice period and continue in possession of the Property without Plaintiff's permission or consent.

9.  The reasonable value of the use and occupancy of the Property is a sum not less than $100.00 per day, the true amount of same to be proven at trial.  Defendants' unlawful detention of the Property commenced on June 16, 2015 and will continue to accrue at a sum not less than $100.00 per day until time of Judgment.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.  For restitution and possession of the Property;

2.  For damages for the unlawful detention of the Property in a sum not less than $100.00 per day from June 16, 2015 through the date of Judgment herein, to be proven at trial, for each day that Defendants continue in unlawful possession of the Property;

3.  For costs of suit incurred herein;

4.  For such other and further relief as the Court may deem just and proper; and

5.  Plaintiff waives all damages in excess of the jurisdictional limit of this Court.

Dated:  July 1, 2015                    ROSENTHAL, WITHEM & ZEFF

By: _____
MICHAEL D. ZEFF, ESQ.
Attorney for Plaintiff
U.S. BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE HOLDERS OF
MASTR ADJUSTABLE RATE MORTGAGES
TRUST 2007-3

*RWZ File No.: 15-116*

3

COPY of Document Recorded at
Los Angeles, CA County Recorder
20150641297 BK: PG:
06/02/2015    has not been compared with
original. Original will be returned when
process has been completed.

Fee: 24.00 DTT: 0.00
Total: 24.00

RECORDING REQUESTED BY:

Barrett Daffin Frappier Treder & Weiss, LLP
15000 Surveyor Blvd., Suite 500
Addison, Texas 75001

WHEN RECORDED MAIL TO AND MAIL
TAX STATEMENT TO

U.S. BANK, NATIONAL ASSOCIATIO et al
8950 CYPRESS WATERS BLVD.
COPPELL, TX 75019

TS No.: 00000004715570                        Space above this line is for Recorder's use only

Order No.: 730-1400331a-70

# TRUSTEE'S DEED UPON SALE

**This Trustee's Deed Upon Sale** supersedes the previously recorded deed: Trustee's Deed Upon Sale that **recorded in Los Angeles County on 03/12/2015 as Instrument #20150266987**

The undersigned grantor declares:

1)  The Grantee herein **WAS** the foreclosing beneficiary.
2)  The amount of the unpaid debt together with cost was:        $727,719.96
3)  The amount paid by the grantee at the trustee sale was:      $582,544.23
4)  The documentary transfer tax is $0.00
5)  Said property is in the city of LOS ANGELES (SYLMAR AREA)
6)  APN #2501-003-030

and **Barrett Daffin Frappier Treder & Weiss, LLP** (herein called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to:

**U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3**

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of LOS ANGELES, State of California, described as follows:

"See Legal Description Attached as Exhibit 'A'"

**RECITALS:**

This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 12/21/2006 and executed by JUAN NUNGARAY, Trustor(s), and recorded on 12/28/2006 as Instrument No. 06 2883009 of official records of LOS ANGELES County, California and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

TS No.: 00000004725570                    Order No.: 730-1409816-70

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 2/19/2015. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being $582,544.23 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the Time of said Trustee's Sale.

Dated: May 28, 2015

Barrett Daffin Frappier Treder & Weiss, LLP as Trustee

By: Jesus Angulo

Jesus Angulo
Operations Manager

STATE OF  TEXAS                               )
                                              ) §
COUNTY OF  DALLAS                             )

On 5/28/15 before me, J Nguyen Hurst ,personally appeared Jesus Angulo ,who proved to me on the basis of satisfactory evidence (identified by TX DL) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Texas that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

JENNIFER A. NGUYEN HURST
Notary Public, State of Texas
My Commission Expires
04/25/2017

ROSENTHAL, WITHEM & ZEFF
FIRST VENTURA BLVD SUITE 328
ENCINO, CALIFORNIA 91436-2733

(818) 789-7711
Fax (818) 986-3875
www.RosenthalZeff.com

G. JEFFREY ROSENTHAL
MURRAY L. WITHEM
MICHAEL B. ZEFF

## THREE DAY NOTICE TO ALL OCCUPANTS TO QUIT PREMISES
*[California Code of Civil Procedure Section 1161a (b)(3)]*

TO:  **JUAN NUNGARAY; RICARDO GUZMAN; MARIA GUZMAN**; AND ALL OTHER PERSONS WHO ARE
IN POSSESSION OF AND OCCUPY THE REAL PROPERTY LOCATED AT:

13382 NORTH LOS OLIVOS ROAD
SYLMAR, CA 91342

NOTICE IS HEREBY GIVEN that your right to occupy the real property at the above address has been
terminated as a result of the purchase of said property by U.S. BANK, NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3 at a
Trustee's Sale following foreclosure proceedings, and title has been perfected.

NOTICE IS FURTHER GIVEN that at the expiration of THREE (3) DAYS after service of this Notice upon you,
you are required to deliver up possession of the property to the undersigned as attorney for the purchaser of
the property at the address indicated above.

PLEASE BE ADVISED that in the event that you do not deliver up possession of the property to the
undersigned within the appropriate period set forth above following service of this Notice upon you, legal
proceedings will be commenced against you to recover possession of said property, court costs, and the
reasonable value of the property for each day of your continued occupancy following the expiration of the
Notice period.

PLEASE BE ADVISED that if you are a servicemember on "active duty" or "active service," or a
dependent of such a servicemember, you may be entitled to certain legal rights and protections,
including protection from eviction, pursuant to the Servicemembers Civil Relief Act, 50 USC App §§
501-596 (the "SCRA"), as amended, and possibly certain related state statutes.

Eligible service can include:

1.  Active duty  (as defined in section 101(d)(1) of title 10, United States Code) with the Army, Navy, Air
    Force, Marine Corps, or Coast Guard;
2.  Active service with the National Guard;
3.  Active service as a commissioned officer of the National Oceanic and Atmospheric Administration;
4.  Active service as a commissioned officer of the Public Health Service, or
5.  **Service** with the forces of a nation with which the United States is allied in the prosecution of a war or
    military action.

Eligible service also includes any period during which a servicemember is absent from duty on account of
sickness, wounds, leave, or other lawful cause. If you are such a servicemember, or a dependent of such a
servicemember, you should contact the undersigning at 818-789-7711 to discuss your status under the SCRA.

1

State law permits a former tenant to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. A former tenant may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact the former landlord after being notified that property belonging to the tenant was left behind after moving out.

CALIFORNIA PENAL CODE SECTION 594 PROVIDES: "EVERY PERSON WHO MALICIOUSLY DEFACES WITH PAINT OR ANY OTHER LIQUID, DAMAGES, OR DESTROYS ANY REAL OR PERSONAL PROPERTY NOT HIS OR HER OWN WILL BE PUNISHED BY FINE OR IMPRISONMENT OR BOTH."

ROSENTHAL, WITHEM & ZEFF

Dated:  June 8, 2015          By: _____

MICHAEL D. ZEFF
Attorney for Owner
U.S. BANK, NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE HOLDERS OF MASTR
ADJUSTABLE RATE MORTGAGES TRUST
2007-3

*RWZ FILE NO: 15-116*

2



ROSENTHAL, WITHEM & ZEFF

June 8, 2015

**Notice to Any Renters Living at the Property**

Sylmar, CA 91342

The attached Notice means that your home was recently sold in foreclosure and the new owners plan to evict you.

You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days. If your name is on the papers, it may hurt your credit if you do not respond and simply move out.

Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law", you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

**How to Get Legal Help**

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

ROBERT L. ROSENTHAL   #### :
ROSENTHAL, WITHEM & ZEFF
16027 VENTURA BLVD., SUITE 320
ENCINO, (818) 789-7711                          Ref. No.: 15-116

## Proof of Service of Notice

1.  At the time of service I was at least 18 years of age and not a party
    to this action, and I served copies of the:
    THREE (3) DAY NOTICE TO ALL OCCUPANTS TO QUIT PREMISES; NOTICE TO ANY
    RENTERS LIVING AT THE PROPERTY

2.  a. Name of Tenant/Occupant:  JUAN NUNGARAY; RICARDO GUZMAN; MARIA GUZMAN; ALL
                                 UNNAMED OCCUPANTS
    c. (Home) Address: 13382 NORTH OLIVOS ROAD
                       SYLMAR, CA 91342

3.  Manner of Service:
    Posting and Mailing.  By posting a copy of said Notice for each tenant/
    occupant in a conspicuous place on the property described in said Notice,
    there being no person of suitable age or discretion to be found at any
    known place of residence or business of said tenant(s)/occupant(s); by
    depositing said copies in the United States mail, in a sealed envelope,
    with postage prepaid, addressed to the tenant(s)/occupant(s) at the place
    where the property is situated.  (C.C.P. 1162 (3))

            Date of Posting: 06/11/15
            Time of Posting:  1:46 pm
            Date of Mailing: 06/11/15
            Place of Mailing: SYLMAR

Prior to the posting of said notice and in compliance with the provisions
of C.C.P. 1162, I first attempted service at the following address(es):

            Home: 13382 NORTH OLIVOS ROAD
                  SYLMAR, CA 91342

and the tenant/occupant was absent therefrom, and no person of suitable
age and discretion was found therein.

5.  Person Serving.                    a. Fee for service:  $77.95
    P. SANDS                           (recoverable per C.C.P. 1033.5(a)(4)(B))
                                    d. Registered California process servers.
    5632 Van Nuys Blvd., # 240             (1) Independant contractor, registered
    Van Nuys CA 91401                      (2) Registration No.: 3928
    (213) 928-7247                         (3) County: LOS ANGELES

6.  I declare under penalty of perjury under the laws of the State of
    California that the foregoing is true and correct.


    Date:  06/12/15              Signature: _____
                                                    P. SANDS
                        Proof of Service

AX0211-15812311

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an Agent of U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3, a party to this action, and I am authorized to make this Verification for and on its behalf, and I make this Verification for that reason. I have read the foregoing COMPLAINT-UNLAWFUL DETAINER and know its contents. The facts stated in the foregoing document are true of my own knowledge except as to those facts which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed _____7-6_____, 2015, at ___Coppell___, _TX_.

___JOHN HUDSON___

_____
Signature

DOES HE HAVE A Notary
License IN CALFONIA

15-116
Loan#: 611108143

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>MICHAEL D. ZEFF, ESQ., SBN 78685<br>ROSENTHAL, WITHEM & ZEFF<br>16027 VENTURA BLVD., SUITE 320<br>ENCINO, CA 91436 | FOR COURT USE ONLY |

TELEPHONE NO.  (818) 789-7711   FAX NO.  (818) 986-3875
ATTORNEY FOR (Name):  U.S. BANK, NATIONAL ASSOCIATION, ETC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 EAST WALNUT
MAILING ADDRESS: (SAME)
CITY AND ZIP CODE: PASADENA, CA 91101
BRANCH NAME: PASADENA COURTHOUSE - NORTHEAST DISTRICT

CASE NAME:  U.S. BANK VS. NUNGARAY, ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | X Limited<br>(Amount<br>demanded is<br>$25,000 or less) | Counter | Joinder | |
| | | Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- Auto (22)
- Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
- Product liability (24)
- Medical malpractice (45)
- Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- Business tort/unfair business practice (07)
- Civil rights (08)
- Defamation (13)
- Fraud (16)
- Intellectual property (19)
- Professional negligence (25)
- Other non-PI/PD/WD tort (35)

**Employment**
- Wrongful termination (36)
- Other employment (15)

**Contract**
- Breach of contract/warranty (06)
- Rule 3.740 collections (09)
- Other collections (09)
- Insurance coverage (18)
- Other contract (37)

**Real Property**
- Eminent domain/Inverse condemnation (14)
- Wrongful eviction (33)
- Other real property (26)

**Unlawful Detainer**
- Commercial (31)
- X Residential (32)
- Drugs (38)

**Judicial Review**
- Asset forfeiture (05)
- Petition re: arbitration award (11)
- Writ of mandate (02)
- Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- Antitrust/Trade regulation (03)
- Construction defect (10)
- Mass tort (40)
- Securities litigation (28)
- Environmental/Toxic tort (30)
- Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- RICO (27)
- Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- Partnership and corporate governance (21)
- Other petition (not specified above) (43)

2. This case ☐ is  X is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. X monetary b. X nonmonetary; declaratory or injunctive relief c. ☐ punitive

4. Number of causes of action (specify): ONE

5. This case ☐ is  X is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: JULY 1, 2015

MICHAEL D. ZEFF, ESQ.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

| | |
|---|---|
| U.S. BANK VS. NUNGARAY, LT AL. | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case.

JURY TRIAL?    ☐ CLASS ACTION?    ☐ LIMITED CASE?    ☑ YES    TIME ESTIMATED FOR TRIAL    12    ☑ HOURS  ☐ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g. slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g. assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: U.S. BANK VS. NUNGARAY, ET AL. | CASE NUMBER: |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1 , 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1 , 2 , 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1 , 2 , 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1 , 2 , 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1 , 2 , 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1 , 2 , 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2 , 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1 , 2 , 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1 , 2 , 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2 , 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2 , 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1 , 2 , 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1 , 2 , 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2 , 5 , 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2 , 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1 , 2 , 5 , 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1 , 2 , 3 , 5 |
| | | ☐ A6031  Tortious Interference | 1 , 2 , 3 , 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1 , 2 , 3 , 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels | 2 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2 , 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2 , 6. |
| | | ☐ A6032  Quiet Title | 2 , 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2 , 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2 , 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2 , 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2 , 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2 , 6. |

| SHORT TITLE: U.S. BANK VS. NUNGARAY, ET AL. | | CASE NUMBER |

| | **A**<br>Civil Case Cover Sheet<br>Category No | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9 |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| | |
|---|---|
| U.S. BANK VS. NUNGARAY, ET AL. | |

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| | ADDRESS |
|---|---|
| **REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.** | 13382 NORTH LOS OLIVOS ROAD |
| 1. 2. 3. 4. 5. 6. 7. 8. 9. 10. | |
| CITY | STATE | ZIP CODE |
| SYLMAR | CA | 91342 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___PASADENA___ courthouse in the ___NORTHEAST___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: JULY 1, 2015



(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS

CASE NUMBER

15 P 05 109

---

## PROPERTY OWNER/LANDLORD ONLY HEARING NOTICE

**To the Plaintiff (Property Owner/Landlord/Property Manager):**

You, or your attorney, are ordered to appear as follows:

Date: FEB 03 2016     Time:          Dept./Room:

You are hereby advised:

(1)   If this case is not resolved in 6 months, there will be a court hearing on the date, time and location specified above, for the Landlord, Property Owner, or Manager.

(2)   Tenant(s) (defendants) do not need to go to this hearing; it is for the Plaintiff who may be the Landlord, Property Owner, or Manager.

(3)   This hearing will be canceled if the case is dismissed, a trial date is set or a judgment is entered.

(4)   If the case is not dismissed or there is no judgment, there will be a hearing.

(5)   At the hearing:

    a.   The judge may review the case for further action, if any;

    b.   If no appearance is made at the hearing, a dismissal without prejudice shall be entered; or

    c.   A judgment may be entered, if a Stipulation for Entry of Judgment between the Landlord and Tenant has been filed and all appearance fees have been paid or waived.

**It is so ordered:**

JANUARY 12, 2015
Date

*Kevin C. Brazile*
Hon. Kevin C. Brazile, Supervising Judge, Civil

---

LACIV 240 (Rev. 01/15)
LASC Approved 05/13
For Optional Use

## PROPERTY OWNER/LANDLORD ONLY
## HEARING NOTICE

FILED
LOS ANGELES SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

DEC 3 1 2014

FOR THE COUNTY OF LOS ANGELES

SHERRI R. CARTER, EXECUTIVE OFFICER/ CLERK

BY C. CASAREZ, DEPUTY

In re Los Angeles Superior Court Cases
General Order – Limited Jurisdiction Unlawful
Detainer (Eviction) Cases Assigned to
Designated District Hub Locations

**GENERAL ORDER**

☐ Long Beach Courthouse
☐ Norwalk Courthouse
☐ Pasadena Courthouse
☐ Santa Monica Courthouse
☐ Van Nuys Courthouse

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:
PLEASE TAKE NOTICE that pursuant to the California Code of Civil Procedure [CCP], the
California Rules of Court [CRC], and the Los Angeles County Court Rules [LASC], the Court
makes the following orders:

**SERVICE OF THIS ORDER**
1.      Each plaintiff is ordered to serve a copy of this general order on each defendant along with
copies of the summons and complaint, and to file proof of this service as mandated in this order.
[CCP §594(b)]

**EARLY SETTLEMENT MEETING**
2.      Each plaintiff is ordered to contact each defendant within ten days of service in good faith to
initiate settlement of the action. Such contact shall be made orally or in writing with the objective of
having the case dismissed within 60 days of its filing. It is the Court's intent that, where possible,
every effort should be made to keep settled cases from becoming public as provided in CCP §1161.2
(a)(5) and (a) (6). If the parties agree, the Court will retain jurisdiction to enforce any settlement
after dismissal. [CCP §664.6]

**SERVICE BY POSTING AND MAILING**
3.      Service of the summons and complaint on a named party by posting and mailing may only
be done after an order is obtained, based upon an affidavit of due diligence. [CCP §415.45(a)] Such
an order will not extend to unnamed or unknown occupants because service of the required
prejudgment claim of right to possession must be made personally upon either the occupant or
named tenant. [CCP §415.46(c)]

**ADDRESSES AND TELEPHONE NUMBERS**
4.      Each party must have an address and telephone number listed on each document filed with
the Court. [CRC 2.111 and 2.118]

**LAW AND MOTION**
5.      All regularly noticed motions and demurrers will be heard each court day at 1:30 p.m. in the
courtroom designated in paragraph 19. Hearing dates must be reserved by calling the calendar clerk
as set forth in Paragraph 19 or obtaining a date at the time the motion is filed. All motions should be
filed in the rooms designated in paragraph 19 with respect to each UD Hub location. Oppositions
and reply papers should be filed directly in the trial department.

6.    If not served by personal delivery, the moving party must comply with the time extensions for notice required by CCP §1013. The motion will not be heard otherwise.

7.    Absent good cause, motions set on five days' notice should not be personally served on the last day of the week preceding the hearing. [LASC Rule 3.26 and Appendix 3A(b)(1-6)]

8.    A separate statement of undisputed or disputed facts is not required for summary judgment motions. [CCP §473c (r) and §1170.7; CRC 3.1350(c) and 1351] In complex cases, the Court may, however, continue the hearing and order the parties to file such statements.

**EX PARTE APPLICATIONS**
9.    Ex parte applications should be noticed for 1:30 p.m. in the applicable trial department. All applications must be filed by 11:00 a.m. in the room listed below for the UD Hub in paragraph 19. [LASC Rule 3.5(b)] Ex parte applications shall have a separate application, a separate declaration of ex parte notice and a proposed order. Absent good cause, notice must be given by 10:00 a.m. the day before the hearing as required by CRC 3.1204.

**JURY FEES AND NOTICE**
10.    Unless waived, advance jury fees shall be deposited no later than five days before trial. [CCP. §631(b) and (c)] The right to a jury may be deemed waived unless its requirement is announced within five days after notice of trial. [CCP §631(d)(4)]

11.    The Court will waive juror fees and qualifying expenses for parties with an approved fee waiver. Parties must complete and submit an official Fee Waiver Request form for consideration to receive these services at no charge.

**STIPULATIONS TO CONTINUE TRIAL**
12.    A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to the postponement. Stipulated trial court continuances may continue the trial date for an indefinite period of time, and will not be limited to 30 days. The stipulation and order should be filed in the room listed below in paragraph 18 for each UD Hub with the required filing fees. [CCP §595.2 and California Govt. Code §70617(c)(2)] Stipulations to continue trial must be filed 5 days in advance or an appearance to continue the trial by at least one party will be necessary.

**INTERPRETERS AND COURT REPORTERS**
13.    The Court will provide an interpreter for parties and witnesses at no charge.

14.    Proceedings in Court will not be transcribed by a court reporter unless supplied by a party to the action as permitted by LASC Rule 2.21.

**JURY TRIALS**
15.    Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters before the trial date. Parties should have with them all of the following:
    i.    Joint Statement of the case;
    ii.    Motions in Limine which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court;  [*See* LASC Rule 3.57]
    iii.    Joint Witness List disclosing the witnesses who will be called, what they will testify to, and how long their testimony will take;

iv.  Joint Exhibits in exhibit books, numbered appropriately, and a Joint Exhibit list; [*See* LASC Rules 3.52 and 3.53]

v.  Joint Proposed Jury Instructions printed out for the court; and,

vi.  Joint Proposed Verdict Form(s) printed out for the court.

16.  If a party fails or refuses to meet and confer, the other party or parties shall prepare and bring to trial the foregoing matters labeled as "[Proposed] Joint Documents."

17.  The time limits for trial set forth in the Expedited Jury Trial (EJT) rules in CCP §630.11 are sufficient for trial of most limited jurisdiction unlawful detainer jury trials. If any party wants more time for trial than provided in the EJT rules, then each such party must prepare a joint witness list with witness names, summary of anticipated testimony and time estimates for direct and cross-examination in hours and quarter hours.

18.  Failure to comply with the rules concerning jury trials may result in one or more of the following actions by the court:  monetary sanctions, waiver of trial by jury, evidence or issue exclusions, vacating the trial date or any and all sanctions deemed appropriate by the trial court. [LASC Rule 3.37]

19.  Filing locations and general information for each District Hub location are set forth below:

**1. LONG BEACH COURTHOUSE**
Trial Department:  Department S12, 3rd Floor, Room 3600
Clerk's Office for Filing Documents:  1st Floor, Room 1401
Clerk's Office for Filing Law & Motion:  1st Floor, Room 1401

**2. NORWALK COURTHOUSE**
Trial Department: Department W
Clerk's Office for Filing Documents: Room 101
Clerk's Office for Filing Law and Motion:  Room 101

**3. PASADENA COURTHOUSE**
Trial Department: Department A, 4th Floor
Clerk's Office for Filing Documents: Room 102, 1st Floor
Clerk's Office for Filing Law and Motion:  Room 102, 1st Floor

**4. SANTA MONICA COURTHOUSE**
Trial Department:  Department S
Clerk's Office for Filing Documents:  Room 102
Clerk's Office for Filing Law & Motion:  Room 102

**5. VAN NUYS COURTHOUSE**
Trial Department: Department H, 6th Floor
Clerk's Office for Filing Documents: Room 107, 1st Floor
Clerk's Office for Filing Law and Motion:  Room 107, 1st Floor

IT IS SO ORDERED.

DATE: _DECEMBER 31, 2014_    _Kevin C. Brazile_

Kevin C. Brazile, Supervising Judge, Civil

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

## 2nd Amended General Order
### Re: Limited Jurisdiction Unlawful Detainer Cases - Hub Filing Locations

Pursuant to the authority set forth in Rule 10.603 of the California Rules of Court, and as authorized by resolutions of the Los Angeles Superior Court Executive Committee on March 21, 2012, and on February 20, 2013, acting pursuant to Local Rule 1.7(a), it is hereby ordered as follows:

Any Local Rule inconsistent with the matters set forth below remains suspended as previously ordered on March 18, 2013.

Effective January 5, 2015, all Los Angeles Superior Court limited jurisdiction unlawful detainer cases must be filed in a regional 'hub' courthouse: downtown Los Angeles (Stanley Mosk), Norwalk, Pasadena, Long Beach (Governor George Deukmejian), Santa Monica, Van Nuys, and Antelope Valley (Michael D. Antonovich).

Existing limited jurisdiction unlawful detainer cases filed prior to January 5, 2015, will be handled where they were originally filed absent further order from the Court.

Boundaries for new limited jurisdiction unlawful detainer case filing locations can be found under LASC Local Rule 2.3(a)(2) at www.lacourt.org. These are established by the U.S. Postal Service Zip Code related to the location of the property. Once the property's U.S. Postal Service Zip Code is determined, parties should reference the attached table to determine in which hub the case must be filed. No change in the filing location exists for those matters required to be filed at the Stanley Mosk Courthouse.

A copy of the attached table will be posted in every courthouse in order to assist in determining the new filing location.

The limited jurisdiction unlawful detainer hub courthouses are located in:

- Michael D. Antonovich Antelope Valley North Courthouse, 42011 Fourth St. West, Lancaster, 93534
- Governor George Deukmejian Courthouse, 275 Magnolia Avenue, Long Beach, 90802
- Norwalk Courthouse, 12720 Norwalk Boulevard, Norwalk, CA 90650
- Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, 90012
- Pasadena Courthouse, 300 East Walnut, Pasadena, 91101
- Santa Monica Courthouse, 1725 Main Street, Santa Monica, 90401
- Van Nuys Courthouse, 6230 Sylmar Avenue, Van Nuys, 91401

This information is also available on the Los Angeles County Superior Court website at www.lacourt.org. This General Order shall be posted on the Court's website.

IT IS SO ORDERED.

Dated: DECEMBER 31, 2014

HON. KEVIN C. BRAZILE, Supervising Judge, Civil

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT  2

## PLAINTIFF'S TRUSTEE'S DEED

27
28

 

This page is part of your document - DO NOT DISCARD



## 20150641297



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

06/02/15 AT 08:00AM

| | | |
|---|---|---|
| FEES: | | 24.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 24.00 |

Pages:
0004

 



LEADSHEET



201506020190006

00010650219


006867595

SEQ:
10

DAR - Title Company (Hard Copy)





THIS FORM IS NOT TO BE DUPLICATED



T96

RECORDING REQUESTED BY:

Barrett Daffin Frappier Treder & Weiss, LLP
15000 Surveyor Blvd., Suite 500
Addison, Texas 75001

WHEN RECORDED MAIL TO AND MAIL
TAX STATEMENT TO:

U.S. BANK, NATIONAL ASSOCIATION et al
8950 CYPRESS WATERS BLVD.
COPPELL, TX 75019



06/02/2015

*20150641297*

TS No.: 00000004725570
Order No.: 730-1400816-70

Space above this line is for Recorder's use only

## TRUSTEE'S DEED UPON SALE

**This Trustee's Deed Upon Sale supersedes the previously recorded deed: Trustee's Deed Upon Sale that
recorded in Los Angeles County on 03/12/2015 as instrument #20150266987**

The undersigned grantor declares:
1)  The Grantee herein <u>WAS</u> the foreclosing beneficiary.
2)  The amount of the unpaid debt together with cost was:      $727,719.96
3)  The amount paid by the grantee at the trustee sale was:    $582,544.23
4)  The documentary transfer tax is <u>$0.00</u>
5)  Said property is in the city of <u>LOS ANGELES (SYLMAR AREA)</u>
6)  APN #<u>2501-003-030</u>

and <u>Barrett Daffin Frappier Treder & Weiss, LLP</u> (herein called Trustee), as the duly appointed Trustee under the Deed
of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to:

**U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF MASTR ADJUSTABLE
RATE MORTGAGES TRUST 2007-3**

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of <u>LOS
ANGELES</u>, State of <u>California</u>, described as follows:

"See Legal Description Attached as Exhibit 'A'"

RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated **12/21/2006** and
executed by **JUAN NUNGARAY**, Trustor(s), and recorded on **12/28/2006** as Instrument No. 06 2883009 of official
records of **LOS ANGELES** County, California and after fulfillment of the conditions specified in said Deed of Trust
authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of
said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or
the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale
have been complied with.

TS No.: 00069084725570                    Order No.: 730-1400816-70

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 2/18/2015. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being $582,544.23 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the Time of said Trustee's Sale.

Dated:  May 28, 2015

Barrett Daffin Frappier Treder & Weiss, LLP as Trustee

By: Jesus Angulo

Jesus Angulo
Operations Manager

STATE OF  TEXAS                    }
                                   }  S
COUNTY OF  DALLAS                  }

On 5/28/15 before me, J Nguyen Hurst ,personally appeared Jesus Angulo ,who proved to me on the basis of satisfactory evidence (identified by TX DL) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Texas that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

JENNIFER A. NGUYEN HURST
Notary Public, State of Texas
My Commission Expires
04/25/2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT  3

27

## DEFENDANT'S VERIFIED ANSWER

28

1
2 **JUAN NUNGARAY**
**RICARDO GUZMAN**
3 **MARIA GUZMAN**
**DAVID AGUIRRE**
4
5 **13382 N. LOS OLIVOS RD**
**SYLMAR CALIFORNIA 91342**
6
Defendants
7 Sui Juris

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 06 2015

Sherri R. Carter, Executive Officer/Clerk
By Diana Kirby, Deputy

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                 FOR THE COUNTY OF LOS ANGELES
10                        PASADENA COURTHOUSE

11

12 *U.S. BANK NATIONAL ASSOCIATION*    ) Case No.: 15P05109
*AS TRUSTEE FOR THE HOLDER'S*      )
13 *OF MASTR ADJUSTABLE RATE*        ) VERIFIED ANSWER
*MORTGAGE TRUST 2007-3*            )
14                                    ) JURY TRIAL DEMANDED
15                                    )
                Plaintiff,            )
16                                    ) NON-STIPULATION TO COMMISSIONER
17      vs.                           )
                                      )
18 **JUAN NUNGARAY;DAVID**            )
**AGUIRRE;MARIA GUZMAN; RICARDO**   )
19          **GUZMAN**                )
                                      )
20 ; DOES 1 TO 10, INCLUSIVE         )
                                      )
21                                    )
22

23          Defendants.
24

25                        DEFENDANTS'S
26                          ANSWER
27      COMES NOW Defendants, JUAN NUNGARAY; MARIA GUZMAN; RICARDO

28 GUZMAN; DAVID AGUIRRE, People of the territory of California in this court of record as

Real Party in Interest holding, unalienable secured rights, title and interest to the subject property and raising issues therein that must be heard under rights of due process, equal protection under the law, retention of rights and remedies in law.

JUAN NUNGARAY;MARIA GUZMAN;RICARDO GUZMAN;DAVID AGUIRRE makes this appearance without waiving any of her rights judicially or procedurally.

JUAN NUNGARAY;MARIA GUZMAN;RICARDO GUZMAN;DAVID AGUIRRE files this verified answer **under duress** to **prevent a default** from being entered against them and challenges Jurisdiction and Subject Matter Jurisdiction.

Defendants JUAN NUNGARAY; MARIA GUZMAN; RICARDO GUZMAN; DAVID AGUIRRE People of California in this court of record, under the Bill of Right's 7th amendment demands a Jury Trial.

Defendants JUAN NUNGARAY; MARIA GUZMAN;RICARDO GUZMAN;DAVID AGUIRRE states they:

1. Are without information sufficient to make a determination as to paragraph 1 of the complaint.

2. Deny the allegation in paragraph 2 of the complaint and states that they are not unlawfully detained.

3. Are without information sufficient to make a determination as to paragraph 3 of the complaint and denies that they have caused anyone damage.

4. Deny the allegation in paragraph 4 of the complaint, due to fraudulent and counterfeit documents in the chain of title.  All the elements of §2924 in the non-judicial foreclosure have not been met. *(See Preciado, 224 Cal. App. 4th Supp. at 9)*

5. Denies the allegation in paragraph 5 of the complaint. The Property was not sold due to fraudulent conveyance.  Title was never duly perfected.  Plaintiff Exhibit 2 is a counterfeit and forged Trustee's Deed Upon Sale. *(See Preciado, 224 Cal. App. 4th Supp. at 9)*

6. Are without information sufficient to make a determination as to paragraph 7 of the complaint.

7.  Agrees with the allegation in paragraph 8 of the complaint.

8.  Agrees with the allegation in paragraph 9 of the complaint, because Defendants are the owner of the property not a tenant.

9.  Deny the allegation in paragraph 10 of the complaint.

10. Deny the allegation in paragraph 11 of the complaint.

11. Deny the allegation in paragraph 12 of the complaint.

12. Deny the allegation in paragraph 13 of the complaint.

13. Deny the allegation in paragraph 14 of the complaint. There are no facts by an expert or any documentation to support her allegation as to the amount per day.

14. Deny the allegation in paragraph 15 of the complaint.

15. Deny the allegation in paragraph 16 of the complaint, because there is no landlord/tenant agreement.  Defendants are the owner of the property.

16. Deny the allegation in paragraph 17 of the complaint.

17. Are without information sufficient to make a determination as to paragraph 18 of the complaint.

18. Deny the allegation in paragraph 18 of the complaint.

In the instant action both Code of Civil Procedure §1161a(b)(3), the statutory grounds for unlawful detainer after a foreclosure, and Civil Code §2924 et seq are specific statutes, the former controlling the sale of property after a foreclosure, and the latter statute(s) stating the manner in which a non-judicial foreclosure must be followed to be valid. Both statutes must be read together, in harmony with each, or inconsistent and invalid results will occur, and due process is violated.

## STATEMENT OF FACTS

Plaintiff's counsel, MICHAEL D. ZEFF, cites in the complaint page 2 paragraph 6 that the recitations contained within the Trustee's Deed Upon Sale, the foreclosure sale, and all required notices were accomplished in compliance with Civil Code §2924 et. seq. that makes a "conclusive presumption".

Plaintiff is wrong. Civil Code 2924c does not provide a conclusive presumption of unassailable title. The Court in Melendrez v. D & I Investment, Inc. (2005) 127 Cal.App.4th 1238 [26 Cal.Rptr.3d 413] specifically held at Foot Note 26:

"FN 26. Section 2924's conclusive presumption language for BFP's applies only to challenges to statutory compliance with respect to default and sales notices. In reaching this conclusion, we recognize that there is dictum that suggests that the conclusive presumption under section 2924 applies across the board to any claimed irregularities in the trustee's sale. The court in Moeller held that the presumption under section 2924 provides that the trustee's "sale has been conducted regularly and properly," and that, as against a BFP, the presumption operates to prevent the trustor from "attacking the validity of the sale." (Moeller, supra, 25 Cal.App.4th 822, 831.) Cases following Moeller have similarly described the conclusive presumption--applicable under section 2924 there the buyer is a BFP who has received a trustee's deed--as precluding any attack on the trustee's sale. (See Residential Capital v. Cal-Western Reconveyance Corp. (2003) 108 Cal.App.4th 807, 817 (Residential Capital) [once trustee's deed is delivered, "there was a conclusive presumption of validity under section 2924"]; 6 Angels, Inc. v. Stuart-Wright Mortgage, Inc. (2001) 85 Cal.App.4th 1279, 1286 [same]; Angell v. Superior Court (1999) 73 Cal.App.4th 691,699-700 [same].) To the extent that Buyer may construe these cases as describing section 2924's presumption as precluding any attack on the foreclosure sale as to a BFP--irrespective of whether the challenge relates to the trustee's compliance with procedural requirements concerning the default and sale notices--we decline to follow such Interpretation. (See 4 Miller & Starr, Cal. Real Estate, supra, Deeds of Trust § 10:211, p. 680 [section 2924 "presumption only applies to the propriety of the required notices, but it does not apply to other requirements of the foreclosure process".) "

In Crummer v. Whitehead (1964), 230 Cal, App. 2d 264, 268 (1964 ), the court held that in an unlawful detainer action "brought pursuant to Code of Civil Procedure §1161 a(b )(3), the Defendants (trustor or homeowner) was entitled to dispute the validity of the trustee's sale and to place respondent's title in issue," citing Kartheiser v. Superior Court, 174 Cal.App.2d 617,

620, The Crummer court further held that "the burden of proof rested upon respondent to show that the trust property had been "duly" sold to him and that his title was "duly perfected."

The use of the statutory term "duly" requires that all of those elements necessary to a valid sale must exist. Title is "duly perfected" when all steps have been taken to make it perfect, that is, to convey to the purchaser that which he has purchased, valid and good beyond all reasonable doubt, but is not limited to good record title, as between the parties to the transaction. The term "duly" implies that all of those elements necessary to a valid sale exist, else there would not be a sale at all. The court in an unlawful detainer under Code of Civil Procedure, section 1161a, subdivision (4), has jurisdiction to determine the validity of such defenses. [Cited from Kessler v. Bridge (1958) 161 Cal App 2d Supp 837, 838, an unlawful detainer action]. As held in Ung v. Koehler (2005) 135 Cal.App.4th 186 [37 Cal.Rptr.3d 311]: "Because non judicial foreclosure is a "drastic sanction" and a **draconian remedy**" (Baypoint Mortgage Corp. v. Crest Premium Real Estate etc. Trust (1985) 168 Cal.App.Bd 818, 827, 830), '[the statutory requirements must be "strictly complied with" {Page 135 Cal.App 4th 203}, and a trustee's sale based on statutorily deficient notice of default is invalid' " (Anderson v. Heart Federal Sav. & Loan Assn. (1989) 208 Cal.App.3d 202, 211, quoting Miller v. Cote (1982) 127 Cal.App.3d 888, 894.)" , and compliance with §2924 must show by proving the chain of title and trustee conducting the foreclosure [Bank of New York Mellon v Vidal Preciado (Match 19,2014) 224 Cal.App. 4th Supp 1]

## GENERAL STATEMENTS AND OBJECTIONS
## TO BE INCORPORATED INTO EACH AND EVERY
## AFFIRMATIVE DEFENSE SET FORTH BELOW

In presenting these affirmative defenses, Defendants JUAN NUNGARAY; MARIA GUZMAN; RICARDO GUZMAN; DAVID AGUIRRE does not admit to any of the allegation contained in any of the documents referred to in any of the Affirmative Defenses, and in fact challenges the validity of each document as being hearsay, lacking foundation, lacking authentication, lacking personal knowledge of the matter stated therein, and pursuant to the grounds and case law of Herrera v. Deutsche Bank National Trust Co. (2011) 196 Cal.App.4th

1366, *Preciado, 224 Cal. App. 4th Supp. at 9* and on the further grounds that these documents

are fraudulent, false, and forged, illegal, null and void.  These documents include without

limitation, the, Assignments of Deed of Trust, Deed of Trust [DOT], Substitution of Trustee

["SOT"], Notice of Default ["NOD"], Notice of Trustee Sale ["NOTS"], and the Trustee's

Deed Upon Sale ["TDUS"], all of which documents are recorded against the subject property

in the Official Records in the Office of the Los Angeles County Recorder's Office in the State

of California. These documents are referred to allege facts to support the claims of fraud,

forgeries, violations of statutes, violation of rules of law, and illegality, but are objected to

under California Evidence Code 1401(a)(b) as to being evidence of anything else.

The foregoing General Statement and Objections are thereby incorporated into each and

every Affirmative Defense set forth below, as if set forth and pleaded at length in each and

every Affirmative Defense.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

(Fails to State a Cause of Action)

The complaint on file herein, and each and every cause of action contained therein, fails to

state a cause of action against this Answering Defendants.

#### Second Affirmative Defense

#### (Foreclosure sale does not Comply with CC §2924 et. seq)

Defendants/borrower's Deed of Trust ["DOT" Exhibit 1] is a contractual agreement

whereby the Defendants /borrowers agreed to transfer bare legal title of his home to the Trustee

as security for repayment of his loan, with the Trustee empowered by the "power to sell" clause

to sell the property in the event of borrower's default. The "DOT" further sets forth the manner

and method in which a Trustee may be substituted. If a Trustee is substituted he succeeds to

title, powers and duties of the prior Trustee, thus the substitution is a transfer of interest in real

property. The "DOT" discloses that RECON TRUST COMPANY,N.A., was the initial Trustee;

COUNTRYWIDE MORTGAGE VENTURES, LLC DBA JLH MORTGAGE COMPANY, the

Lender; and Defendants JUAN NUNGARAY;MARIA GUZMAN;RICARDO GUZMAN; was

the borrower/trustors, with the borrowers and Lender agreeing in "Definitions" §24 Substitution of Trustee" of the "DOT": "I agree that Lender may at any time appoint a successor trustee and that Person shall become the Trustee under this Security Instrument as if originally named as Trustee".

This is a contractual provision of the "DOT", the same as the "power to sell" clause is. In Bank of America v. La Jolla Group II (2005) 129 Cal.App.4th 706 [28 Cal.Rptr.3d 825], the Court of Appeals held that if a trustee is not contractually empowered under the "DOT" to hold a sale, it is totally void. It has no legal effect whatsoever. Title does not transfer. [see Dimock v. Emerald Properties, infra illegal trustee is a void sale under contract of deed of trust].

Plaintiff fails to provide any proof that BARRETT DAFFIN FRAPPIER TREDDER & WEISS,LLP  replaced the original Trustee, RECON TRUST COMPANY,N.A., as the Substituted Trustee on the Trustee's Deed Upon Sale [Exhibit 2] filed with Plaintiff's complaint.

"Definitions"§24 in the "DOT", Substitution of the Trustee of the "DOT" only allows the Lender to substitute the trustee."

that BARRETT DAFFIN FRAPPIER TREDDER & WEISS,LLP substituted itself as the newly Substituted Trustee.

There are no provisions in the Defendants DOT/contract that allows for an attorney in fact to sign in behalf of the Lender.

Thus the Plaintiff has failed to comply with contractual terms of the Deed of Trust, failed to prove that BARRETT DAFFIN FRAPPIER TREDDER & WEISS,LLP  was in fact the legal trustee and thus is not in accordance with Civil Code § 2924 or Defendant's "DOT", and failed to show it "perfected title", as on the face of the record, it is an illegal Trustee Sale the same as in Dimock v. Emerald Properties (2000) 81 Cal.App.4th 868 [97 Cal.Rptr.2d 25 5] which was followed in Lona v. Citibank, NA. (2011) 202 Cal.App.4th 89 in finding that tender is not required when the sale is based on legal issues (fraud, illegal trustee), rather than equitable issues.

The Court must follow the recent case of The Bank of New York Mellon v Vidal Preciado 224 Cal.App. 4th Supp 1 [hereafter referred to as Preciado]. In Preciado the Trial

Court held the "Trustee's Deed Upon Sale was good enough/for him", however the Appellate Division reversed the lower Court's holding on the last page of its decision, that a Plaintiff in an unlawful Detainer action has to prove up the chain of Trustee from the Deed of Trust to the Trustee's Deed Upon Sale, as well prove the chain of the Beneficiary, to prove that Plaintiff has met its burden to prove it has complied with Civil Code §2924 et seq., and that title has been "duly perfected title". This court must follow the Doctrine of Stare Decisis.

In Auto Equity Sales, Inc. v. Superior Court (Hesenflow) (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321,369 P.2d 93 7J our Supreme Court held at Head Note [5] the Appellate Division had exceeded its authority by not following the decision of the Court of Appeals, where the Appellate decision said the Court of Appeal ruling was erroneous, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction. It is not her function to challenge the decisions of a court of superior jurisdiction.

Therefore all those who allegedly claim under this author through the "DOT" are void. Thus the Plaintiff cannot perfect title.

Thus there was no default, no notice of trustee sale, nor a trustee's deed upon sale, and the damages owed Defendants far exceeds the amount the Plaintiff claims to have paid for property, and based on all of the above, title to the property cannot be perfected in the Plaintiff.

This Deed of Trust shall be referred to in these Affirmative Defenses, and the Answer which these Affirmative Defenses are a part of, just as the "DOT".

## Third Affirmative Defense

### (Failure to Comply with 2923 et seq. )

Defendants incorporates their 1st, and 2nd, Affirmative Defenses alleged herein above, as if set forth and pleaded at length herein. Without waiving these positions, and solely to raise this defense, assuming there is a valid trustee's deed, which is absolutely denied, the Complaint for Unlawful Detainer on file herein and the whole thereof fails due to failure to comply with the statutes, which govern a foreclosure.

A non-judicial foreclosure sale is a creature of statute. (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 334 [85 Cal. Rptr. 3d 532] [―The Civil Code contains a comprehensive statutory scheme regulating non-judicial foreclosure.‖].) The trustee's role in preparing for and conducting the sale is set forth in detail in Civil Code section 2924 et seq.

In *California Golf*, the court noted that ―California courts have repeatedly allowed parties to pursue additional remedies for misconduct arising out of a non-judicial foreclosure sale when not inconsistent with the policies behind the statutes.‖ (*Id. at p. 1070.*)

Defendants are informed and believes, and thereon alleges, the foreclosure sale of Defendant's property that forms the source of the Trustee's Deed Upon Sale, which Plaintiff claims is the basis of its right to possession as alleged in Plaintiff's Complaint for Unlawful Detainer on file herein, is illegal, unenforceable, and contrary to pubic policy. Defendants is informed and believes and thereon alleges, that Plaintiff failed to comply with the provisions of the California Civil Code, including but not limited to California Civil Code § 2923, §1095,§ 2923.5, §2924 et seq, including but not limited to §2932.5, §2934a, 2941.9; including but not limited to the Plaintiff failed to provide all the notices as required by law, without limitation, by failing to file the mandatory declarations to be added or attached to the Notice of Default, and the mandatory declaration required to be attached to the Substitution of Trustee, that the sale was authorized and conducted by the order or request of more than 50% of all the beneficiaries of the note, or the deed of trust, which failure is also a violation definitions number 24 of the contractual terms contained in the "DOT" which defines who can Substitute the Trustee; and the interpretation of the "DOT" is interpreted against the author of the Deed of Trust that was allegedly foreclosed upon, which author was COUNTRYWIDE MORTGAGE VENTURES,LLC DBA JLH MORTGAGE COMPANYB and all those that claim under this document, and all the further documents used in the foreclosure [i.e. the Substitution of Trustee ("SOT"), Notice of Default ("NOD"), the, Notice of Trustee Sale ("NTS"), the Trustee's Deed Upon Sale ("TDUS")] which documents the Plaintiff ultimately claims under.

that BARRETT DAFFIN FRAPPIER TREDDER & WEISS,LLP, As Trustee and other unknowns have create and or fabricated fraudulent and forged documents in her blatant disregard of the law and this court in violation of CPC §115, §115.5, §118, §470 and §132.

The following lists of documents are fabricated forgeries, in violations of statutes, violation of rules of law, and illegality:

1.  Void Substitution of Trustee recorded on July 7, 2014 with instrument number 20140694297 allegedly created by Nationstar Mortgage LLC AS ATTORNEY IN FACT allegedly signed by a Brett Kuchenski, (A.S.), Assistant SECRETARY for and allegedly notarized by LARRY BRETT BUSH a TEXAS Notary. This is a forged and fabricated document with someone using LARRY BRETT BUSH'S notary stamp and forging his signature. VOID Substitution of Trustee for BARRETT DAFFIN FRAPPIER TREDDER & WEISS,LLP as trustee recorded 12/10/2014

2.  Instrument #20141338318 recorded allegedly created by Nationstar Mortgage LLC AS ATTORNEY IN FACT allegedly signed by Kally HARDY AS TRUSTEE SALES OFFICER for SAGE POINT LENDER SERVICES,LLC AS TRUSTEE

3.  (Substitution of Trustee Exhibit 3)

**The Void Notice of Default recorded on July 7, 2014 with instrument number 20140694298 and requested recording by SAGE POINT LENDER SERVICES,LLC Trustee for Beneficiary, without any lawful authority to do so and allegedly signed by   BOBBIE LAFLOWER  LSI Title Company, as Agent. Exhibit 4)**

4.  The Void Notice of Trustee Sale recorded on 01/13/2015 with instrument number 20150038152 requested recorded by BARRETT DAFFIN FRAPPIER TREDDER & WEISS,LLP and signed by RIC JUAREZ Authorized Signature is false and without authority to record this document. Exhibit 5)

5.  The Trustee's Deed Upon Sale filed as Exhibit 2 of Plaintiff's Complaint is VOID due to the VOID, Substitution of Trustee for Sage Point lender services on 7/7/2014 instrument #20140694297, and the Forged signature of the notary LARRY BRETT

BUSH,along with void substitution of trustee for BARRETT DAFFIN FRAPPIER

TREDDER & WEISS,LLP. by Nationstar Mortgage LLC AS ATTORNEY IN

FACT allegedly signed by Tracy Armstrong-assistant secretary (see TDUS 2) and

LARRY BRETT BUSH Notary Application signature Exhibit 6) An Expert is not

needed to see the document is a forgery. but Defendants has an expert who can

testify.Assignment of Trust doc #20120185380 on 02/02/2012 robosigner

Jane Martorana- Assitant secretary. Forged signature of the notary Lillian J. Ellison

6. Found to be a forgery by expert witness see exhibit (6)

Further the signatures of one or more of the persons signing the foreclosure documents

are forged, including but not limited to that of the, SOTD, NOD, NOTS and the "TDUS".

Further the purported Substitutions fails under Cal Civil Code §2934a, and the entire

foreclosure process failed under §2924, §2934a, §2941.9, §2923.5 and are void, and all

documents that follow them are void.

The Court in Wutzke v. Bill Reid Painting Service, Inc. (1984) 151 Cal.App.3d 36, 43

[198 Cal.Rptr. 418] at head note 3held:) " [3] When a deed is void ab initio, it "constitutes a

nullity; as such it cannot provide the basis for a superior title as against the original {Page 49

Cal.App.4th 585} grantor. [Citations.] "A void deed passes no title and cannot be made the

foundation of a good title even under the equitable doctrine of bona fide purchase.' " ( Erickson

v. Bohne (1955) 130 Cal.App.2d 553, 557 [279 P.2d 619], quoting 26 C.J.S. at pp. 307-308.)

In the recent 2012 case of La Jolla Group II v. Bruce (2012) 211 Cal.App.4th 461 the

Court held at head note 11 on page 478:

"[11] ".... "Although the law protects innocent purchasers and encumbrance's, that

protection extends only to those who obtained good {Page 211 Cal.App.4th 478} legal title.

[Citations.] ... [A] forged document is void ab initio and constitutes a nullity; as such it cannot

provide the basis for a superior title as against the original grantor.' [Citations.]" (Id. at pp. 379-

380.) A forgery includes "'a false making of a writing'" that "falsely purports to be the writing

of another.'"

..... Since the Assignment of deed of trust was a forgery and was void, appellants

received no title by it. fn. 7 (Schiavon v. Arnaudo Brothers, supra, 84 Cal.App.4th at pp. 379-

380.)"

Plaintiff claims it acquired title to property are all based on these forged, fraudulent, and

void documents, and thus the sale is fraudulent, and good title cannot be based on fraud even as

1  to a bonafide purchaser for value [ Trout  v. Trout, (1934), 220 Cal. 652) and the entire

2  foreclosure was illegal and not conducted pursuant to the terms of the DOT and the Trustee lack

3  the power and authority to sell the property under the DOT and the Trustee Sale, including the

4  Trustee's Dee Upon Sale is Void [see Bank of America v. La Jolla Group II (2005) 129

5  Cal.App.4th 706 [28 Cal.Rptr.3d 825] ], the Trustee did not have the authorization from the

6  owner of the beneficial interest of the promissory note to conduct the foreclosure, and thus was

7  without the power to conduct the non-judicial foreclosure under the Deed of Trust; and thus

8  lacked the power to enforce the promissory note nor the power to exercise the clause in the

9  Deed of Trust to sell the real property which forms the subject matter of this action, nor to act as

10  the Trustee, and the Notice of Default and the Notice of Trustee's Sale are void, illegal and

11  Void, not merely voidable ( Dimock v. Emerald 16 Properties (2000) 81 Cal. App. 4th 868 [97

12  Cal.Rptr.2d 255J ].

13      The above forging and falsifying of documents were done with the intent to defraud the

14  Defendants, and knowing the documents would be used to conduct an illegal foreclosure, and

15  thus constitutes forgery.  The sale was conducted by using and recording of false, forged,

16  perjured statements, in violation of, including but not limited to Penal Code §470, §115, §115.5,

17  §118, and §132.  As the documents used to conduct the foreclosure are false, fraudulent, and

18  forged Plaintiff cannot "perfect title" to the subject property, and thus cannot state a cause of

19  action for unlawful detainer as it cannot prove this element of a cause of action for unlawful

20  detainer.

21      As the  the Assignment of deed of trust, Notice of Default and the Substitution of Trustee

22  are both void, and all the documents that follow are void and they are themselves based on the

23  same defective and void documents, and Plaintiff's TDUS is void, unenforceable, and of nor

24  force or effect, and legal and equitable title to the disputed property is still vested in the

25  Defendants, and title to the property cannot be duly perfected in the Plaintiff.

26

27                    **Fourth Affirmative Defense**

28          **The Plaintiff's Predecessor Is Not the Predecessor in Interest)**

Defendants incorporates their 1st, 2nd, and 3rd Affirmative Defenses alleged herein above, as if set forth and pleaded at length herein. Without waiving these positions, and solely to raise this defense, the Complaint for Unlawful Detainer an the whole thereof, fails, as the persons and entities who claimed the right to foreclose on Defendants property, and which Plaintiff claims to take under pursuant to the "TDUS" and who claimed and/or claimed to be the owner of the beneficial interest or agent of the owners of the beneficial interest of the promissory note and "DOT" did not acquire the rights under the "DOT", and each such rights are not admitted and each absolutely denied, as COUNTRYWIDE MORTGAGE VENTURES.LLC DBA JLH MORTGAGE COMPANY, who received a rescision of signitures on 12/21/2008 revocation of power of attorney , also removal of trustee ,along with NOTICE AND DEMAND FOR BENEFICIARY TERMINATION AND SUCCESSOR BENEFICIARY APPOINTMENT , EXHIBIT (7) THERES A LETTER BY countrywide home loans received via Registered mail #RA335562132US AND COUNTRYWIDE MORTGAGE VENTURES LLC REGISTERED MAIL RA#335562146 US, AND THE REPLY BY CONTRYWIDEHOME LOANS CERTIFIED MAIL #7008 1830 0004 4614 4284, MERS WAS ALSO GIVEN THE RESCICION IN REGISTERED MAIL# RA 335 562 150 US.RECON TRUST WAS ALSO GIVEN RESCISSION OF SIGNITURES REGISTERED MAIL  335 562 163 US, ALONG WITH DEPT OF REAL ESTATE COMMISIONER  JEFF DAVIS CERTIFIED MAIL  70081140000112786514,ALL IN EXHIBIT 7. as COUNTRYWIDE MORTGAGE VENTURES.LLC DBA JLH MORTGAGE COMPANY was not the creditor or funding source of the "DOT". EXHIBIT (7) POLICE REPORT OF FORGERY/FRAUD. Thus there are no identifiable beneficiaries who could authorize the sale, nor substitute the trustee, and Plaintiff cannot perfect its title.

### Fifth Affirmative Defense

### (The Plaintiff is not A BFP Without Notice)

Defendants incorporates her 1st, 2nd, 3rd, and 4th, Affirmative Defenses alleged herein above, as if set forth and pleaded at length herein. Without waiving these positions, and solely

to raise this defense, and without waiving the defect that the Deed of Trust was void ab initio, as

COUNTRYWIDE MORTGAGE VENTURES,LLC DBA JLH MORTGAGE COMPANY

failed to disclose its principals, the real Creditor to the contact/DOT. The Complaint for

Unlawful Detainer fails, as the sale is void, and Plaintiff has constructive notice of the defects,

and the defects are apparent from the recorded documents. Not only is the sale illegal which

defeats a Bona Fide Purchaser for Value, Plaintiff is not even a Bona Fide Purchaser for Value

Without Notice of defects in the title chain, which defects renders the Trustee's Deed Upon Sale

null and void, as the title on the face of the recorded documents with the Los Angeles County

Recorder, has not been duly perfected, as it was obtained by fraud in violation of Penal Code §

470, § 115, § 118 and § 132, and the Trustee was an illegal Trustee with no power to conduct

the sale nor sell the property, as the Plaintiff's predecessor in interest failed to comply with the

requirement of §2923 through § 2934a and under the definition 24 of the "DOT", the order to

sell the property pursuant to the deed of trust failed to include the vote of more than 50% of the

owners of the promissory note, and the Substitution of Trustee failed to include the declaration

of more than 50% of the owner of the promissory note or deed of trust authorized the sale of the

property, there must be a writing pursuant to Civil Code § 1624, § 2309 and § 2913, and

BARRETT DAFFIN FRAPPIER TREDDER & WEISS,LLP   was not legally appointed

Trustee, and thus it had no power to conduct the foreclosure including but not limited to the

Trustee's Sale, nor the power or authority to prepare and delivery a Trustee's Deed Upon Sale,

and the Trustee had in fact misrepresented it had the power to sell the Defendants home when it

did not, and thus intentionally mislead the Defendants and others with the intent to defraud the

Defendants, using false documents prepared by that BARRETT DAFFIN FRAPPIER

TREDDER & WEISS,LLP, LLC, illegally substitution itself as trustee without complying with

California Civil Code § 2934a, § 1624, §1095,  §2309, and §2319, which (§ 2934a and the

"DOT") requires a declaration attached to the Substitution of Trustee  of more than 50% of the

beneficial owners authoring and instructing the legal trustee to sell the property, and proof of

mailing to the balance of the beneficial owner who did not sign the declaration. The Substitution

of Trustee, the Notice of Trustee's Sale, the Trustee's Deed Upon Sale) and this Trustee's

conduct was therefore illegal, and without power and the sale is absolutely void.

The plaintiff is not a BFP, as plaintiff is charged with public notice in the recording

statutes. See Gates Rubber Co. v. Ulman,(1989) 214 Cal. App. 3d 356, 364 where the court held

that "the elements of bona fide purchase are payment of value, in good faith, and without actual

or constructive notice of another's rights."   "The act of recording creates a conclusive

presumption that a subsequent purchaser has constructive notice of the contents of the

previously recorded document." See Melendrez  v. D & Investment, Inc., (2005) 127 Cal.1711

App. 4th 1238.

### Sixth Affirmative Defense

### (The Plaintiff lacks capacity to sue)

The Complaint for Unlawful Detainer on file herein, and the whole thereof fails, as the

Plaintiff lacks capacity to sue.

### Seventh Affirmative Defense

### (Plaintiff Lacks Standing to Sue)

Defendants incorporates her 1st -6th Affirmative Defenses alleged herein above, as if set

forth and pleaded at length herein.  Without waiving these positions, and solely to raise this

defense, The Complaint for Unlawful Detainer on file herein, and the whole thereof fails, as

Plaintiff lacks standing to sue, as its standing is based upon fraudulent documents, of which,

BARRETT DAFFIN FRAPPIER TREDDER & WEISS,LLP   lacked standing to create and

record, and the "Substitution of Trustee" and the "TDUS" are void.

Plaintiff claims to have purchased the property at a foreclosure sale, the validity of

which is absolutely denied by the Defendants, which purchase was made "As Is", which

includes no legal or equitable claim, right, interest, lien, encumbrance or title at all.  Fraud

cannot be the basis of good title.

### Eighth Affirmative Defense

### (Robo Signers)

Defendants incorporates all of Defendants prior Affirmative Defenses alleged herein above, as if set forth and pleaded at length herein.  Without waiving these positions, and solely to raise this defense, the Complaint for Unlawful Detainer on file herein,  and the whole thereof, fails as the ASSIGNMENTS OF DEED OF TRUST,NOD, SOTD, NTS and the TDUS, were signed by, or rely on forged signatures, of by someone falsely claiming to have the power to sign these documents who did not, who knew nothing of the facts contained in these documents, and were notarized by someone claiming to be the notary who was not, or signed by the notary knowing the documents were not presented properly for notarization with the person appearing in front of the notary stating who or she/she was and the capacity in which they were appearing, and failed to produce sufficient evidence to prove who these persons were nor the prove of the capacity and authority which they could sign the documents, which conduct is sometimes referred to "robo-signing" and "robonotaries" declaring under penalty of perjury that the person signing the document is that person knowing that is it false and misleading, using these robo-signers and robo-notaries, the SOTD, NOD, NTS, TDUS and all documents based on any of these documents are illegal, in violation of Penal Code § 470 (forgery), § 115 (recording of false documents), § 118 (perjury) and § 132 (use of false documents in a court proceeding).

Plaintiff brings forth the Trustee's Deed Upon Sale as evidence that it has duly perfected title of which Defendants absolutely deny, objects to and challenges.:

See *Preciado*, 224 Cal. App. 4th Supp. at 9 (in a CCP 1161a UD, a "plaintiff must show that he acquired the property at a regularly conducted sale and thereafter "duly perfected" his title"); Aurora Loan Servs., LLC v. Brown, 2012 WL 6213737, at *7 (Cal. App. Div. Super. Ct. July 31, 2012) (linking invalid title with plaintiff's lack of standing to sue for possession); US Bank N.A. v. Espero, 2011 WL 9370474, at *4 (Cal. App. Div. Super. Ct. Dec. 27, 2011) (same)

The trial court erred when it found that the Trustee's Deed Upon Sale was sufficient proof that Bank acquired the property at a regularly conducted sale and thereafter "duly perfected" its title. "[T]itle is duly perfected when all steps have been taken to make it perfect, i.e., to convey to the purchaser that which she has purchased, valid and good beyond all reasonable doubt,

which includes good record title, but is not limited to good record title, as between the parties to the transaction. The term 'duly' implies that all of those elements necessary to a valid sale exist, else there would not be a sale at all. (*Kessler v. Bridge* (1958) 161 Cal.App.2d Supp. 837, 841 [internal citations omitted]. (*See Preciado*, 224 Cal. App. 4th Supp. at 9

### Tenth Affirmative Defense

### Challenging Verification of the Complaint and

### Challenging Subject Matter Jurisdiction

The Complaint for Unlawful Detainer on file herein, and the whole thereof fails as it is unverified by a Real Party In Interest with firsthand or Personal knowledge of the matter contained in the complaint.

Defendants challenges the verification of the complaint by Olivia Reyes, agent for Plaintiff. Olivia Reyes's name has been used on other court papers as being an agent for other Plaintiffs.

An agent cannot bring a claim in behalf of the Real Party In Interest.

California Civil Code 367.
> Every action must be prosecuted in the name of real party in Interest.... Friendly Village Community ASS'N, Inc. No. IV v Silva & Hill Const. (1973) 31 CA3D 220 , 107 CR 123. The " real party in interest" is the person who owns or holds Title to the claim or property involved [GANTMAN V.UNITED PAC.Ins.Co. (1991) 232CA3d 1560 , 1566, 284CR 188, 192;

In re. STEEL CO., aka CHICAGO STEEL & PICKLING CO. *v.* CITIZENS FOR A BETTER ENVIRONMENT CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT SUPREME COURT OF THE UNITED STATES No. 96–643. Argued October 6, 1997- Decided March 4, 1998

This Court declines to endorse the "doctrine of hypothetical jurisdiction," under which several Courts of Appeals have found it proper to proceed immediately to the merits question, despite jurisdictional objections. at least where (1) the merits question is more readily resolved, and (2) the prevailing party on the merits would be the same as the prevailing party were

jurisdiction denied. That doctrine carries the courts beyond the bounds of authorized judicial action and thus offends fundamental separation-of-powers principles. In a long and venerable line of cases, this Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit. See, e.g., *Capron* v. *Van Noorden*, 2 Cranch 126; *Arizonans for Official English* v. *Arizona*, 520 U. S. ___, ___; *Bell* v. *Hood, supra*; *National Railroad Passenger Corp.* v. *National Assn. of Railroad Passengers*, 414 U. S. 453; *Norton* v. *Mathews*, 427 U. S. 524; *Secretary of Navy* v. *Avrech*, 418 U. S. 676 *(per curiam)*; *United States* v. *Augenblick*, 393 U. S. 348; *Philbrook* v. *Glodgett*, 421 U. S. 707; and *Chandler* v. *Judicial Council of Tenth Circuit*, 398 U. S. 74, distinguished. For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an *ultra vires* act. Pp. 8–17

Wherefore Defendants objects to the complaint being entered into evidence under California Evidence Code 1401(a)(b).

Defendants rebuts any hypothetical jurisdiction this court presumes it may think it has as to a verified complaint before it.

Therefore Defendants Challenges Subject Matter Jurisdiction.

1. Lack of jurisdiction in its strict sense means an entire absence of power to hear or determine a case, an absence of authority over the subject matter [*see* Abelleira v. District Court of Appeal (1941) 17 Cal. 2d 280, 287-288, 109 P.2d 942 ; Schwenke v. J & P Scott, Inc. (1988) 205 Cal. App. 3d 71, 76, 252 Cal. Rptr. 91] .

2. The judgment of a court lacking jurisdiction over the subject matter is void [*see* Kulko v. California Superior Court (1978) 436 U.S. 84, 91, 98 S. Ct. 1690, 56 L. Ed. 2d 132, 141 ; Hanson v. Denckla (1958) 357 U.S. 235, 250, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 ; County of Ventura v. Tillett (1982) 133 Cal. App. 3d 105, 110, 183 Cal. Rptr. 741 , *cert. denied*, 460 U.S. 1051 (1983) ) (disapproved on another point in County of Los Angeles v. Soto (1984) 35 Cal. 3d 483, 492 n.4, 198 Cal. Rptr. 779, 674 P.2d 750 )].

3. Parties cannot confer subject matter jurisdiction upon the court by consent, waiver, or estoppel [ Housing Group v. United Nat'l Ins. Co. (2001) 90 Cal. App. 4th 1106, 1113, 109 Cal. Rptr. 2d 497] , nor can they expand a court's jurisdiction by contract to include a review of an arbitration award on the merits [ Crowell v. Downey Community Hospital Foundation (2002) 95 Cal. App. 4th 730, 739, 115 Cal. Rptr. 2d 810] .

**4.**    A court's lack of subject matter jurisdiction is never waived and can be raised for the first time on appeal [ Miranda v. 21st Century Insurance Co. (2004) 117 Cal. App. 4th 913, 920, 12 Cal. Rptr. 3d 159 ; Parrott v. Mooring Townhomes Assn. (2003) 112 Cal. App. 4th 873, 876, 6 Cal. Rptr. 3d 116] .

**5.**    A judgment void on its face--because rendered when the court lacked subject matter jurisdiction or exceeded its jurisdiction in granting relief--is subject to collateral attack at any time [ Sindler v. Brennan (2003) 105 Cal. App. 4th 1350, 1353, 129 Cal. Rptr. 2d 888] .

Defendants reserves the right to amend or request a leave of court to obtain the amendment upon new discoveries. *Exhibit (?) are cories of the original transcripts Challenging Jurisdiction.*
Whereby Defendants prays this court; *#All exhibits 1-8 are copies and certified copies I kept can be provided with the court Request.*
Dismiss this case with prejudice due to lack of subject matter jurisdiction.

Respectfully Submitted,

Dated this October 5, 2015

JUAN NUNGARAY                         MARIA GUZMAN

RICARDO GUZMAN                       DAVID AGUIRRE

Declaration of JUAN NUNGARAY;MARIA GUZMAN;RICARDO GUZMAN;DAVID AGUIRRE

I, JUAN NUNGARAY;MARIA GUZMAN;RICARDO GUZMAN;DAVID AGUIRRE declare the following to be true of my own personal knowledge and if called to testify could do so with confidence.

Defendants has a tenant living at the property that was never given a 90 day notice as required under HBOR Act.

The court operated on the presumption that the complaint was verified. A signature by an unknown party without any personal knowledge does not give authentication to a document.

This is not a landlord tenant issue. There is no landlord tenant agreement between Plaintiff and Defendants.

Plaintiff is not a bona fide purchase due to the fraud involved in the chain of title.

Defendants discovered that BARRETT DAFFIN FRAPPIER TREDDER & WEISS,LLP illegally substituted themselves as trustee without any authority to do so.

Plaintiff has no standing to sue. No standing to bring this matter to this court.

Due to the extensive fraud involved in Defendants, chain of title Plaintiff could never have purchased Defendants Property.

The above statements are made under penalty of perjury in the state of California.

Dated: October 5, 2015

JUAN NUNGARAY

MARIA GUZMAN

RICARDO GUZMAN

DAVID AGUIRRE